FILED
SUPERIOR COURT
OF GUAM

2018 MAY 15 PM 4: 36

CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0329-11 |
| vs. | **DECISION AND ORDER** |
| JIMMY CHIN SONG, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 16, 2018, for hearing on Defendant Jimmy Chin Song's ("Defendant") Opposition to Submission of Restitution Report. Defendant was present with counsel, F. Randall Cunliffe, and Assistant Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 8, 2011, Defendant was found guilty after jury trial of: (1) Manslaughter (As a First Degree Felony); and (2) Aggravated Assault (As a Third Degree Felony). Defendant was sentenced to twelve (12) years incarceration with five (5) years suspended for Manslaughter conviction. *See* Judgment, Jan. 4, 2012. No sentence was imposed for the Aggravated Assault

*People v. Song*
Case No. CF0329-11
Decision and Order

conviction. *See id.* The matter went on appeal and was affirmed by the Supreme Court of Guam. *See People v. Song*, 2012 Guam 21.

On April 22, 2013, Defendant filed a Motion for Reduction of Sentence, which was opposed by the Government. On May 14, 2013, the Court heard oral arguments and denied the motion from the bench. *See* Dec. & Order, Jun. 6, 2013.

On August 29, 2017, the Government filed a Submission of Summary Report Re: Restitution. The Restitution Summary totals $31,607.73, and reflects invoices from 2011 for the Victim's hospital costs, funeral expenses, as well as the Victim's mother's visits to Guam Seventh Day Adventist Clinic due to the traumatic events. *See* Restitution Summary, Aug. 29, 2017. On October 4, 2017, Defendant filed his Opposition to Submission of Restitution Report.

On November 27, 2017, at a continued Restitution Hearing, the Court requested the Government submit a written response to Defendant's Opposition, and continued the matter to January 16, 2018.

On December 27, 2017, the Government filed its Response to Defendant's Opposition, and on January 3, 2018, Defendant filed a Reply.

On January 16, 2018, the Government also filed a Submission of Additional Restitution Summary, providing additional documents from Stay Well Insurance Company.

## DISCUSSION

The issue before the Court at this time is whether it has jurisdiction to order restitution in this matter at this time. Defendant argues that the Court no longer has jurisdiction to order restitution, as Defendant has been sentenced and Judgment has been entered. *See generally*, Opp'n to Restitution, Oct. 4, 2017; Reply, Jan. 3, 2018. The Government argues that Guam law does not impose any time limitations to file restitution claims. *See generally*, Resp., Dec. 27, 2017.

Guam law provides that a person who has been convicted of an offense may be sentenced to make restitution and imprisonment. *See* 9 G.C.A. § 80.10(a)(6). Any restitution

ordered must be within certain guidelines.[1] *See* 9 G.C.A. § 80.50. Guam law further mandates restitution in all cases involving damage to property of a victim. *See* 9 G.C.A. § 80.53. Guam's standards for imposing restitution provide that the Court must not order restitution unless it believes that "the offender has derived a pecuniary gain from the offense" or that restitution is "specifically adapted to deterrence of the type of offense involved or to the correction of the offender." 9 G.C.A. § 80.52(b). The Court shall also take into consideration the financial resources of a defendant and shall not order that a defendant pay restitution unless he or she is or, given a fair opportunity to do so, will be able to pay restitution. 9 G.C.A. §§ 80.52(c) and 80.52(d). Guam's standards for restitution do not impose any time limitations on when restitution must be ordered. Any obligation to pay restitution, however, survives the expiration of probation or parole. 9 G.C.A. § 80.56.

In this case, restitution was to be determined at a future date pursuant to the Judgment of Conviction, and a Restitution Hearing was set for June 7, 2012. *See* Judgment at 2, Jan. 4, 2012. The Court finds that the setting of a Restitution Hearing within the Judgment was an intention to reserve jurisdiction on the issue of restitution, and was agreed to by both parties as both the Prosecuting Attorney and Defense Attorney signed off on the Judgment before it was submitted to the Court for signature. On January 13, 2012, Defendant filed a Notice of Appeal,

---

[1] Pursuant to 9 G.C.A. § 80.50, restitution amounts shall not exceed:

(a) Ten Thousand Dollars ($10,000.00), when the conviction is of a felony of the first or second degree;

(b) Five Thousand Dollars ($5,000.00), when the conviction is of a felony of the third degree;

. . .

(e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. . . .

(f) Any amount specifically authorized by statute. The restitution ordered paid to the victim shall not exceed his loss.

Section 80.50 "allows a judge to order up to $10,000 in restitution without any findings, and to order a higher amount equal to the loss to the victim or gain to offender if the judge makes a finding as to that amount." *People v. Mallo*, 2008 Guam 23 ¶ 43.

*People v. Song*
Case No. CF0329-11
Decision and Order

and the Court was divested of jurisdiction over the matter pending the appeal.[2] *See People v. San Nicolas*, 2016 Guam 21 ¶ 13 (the filing of a valid notice of appeal divests the lower court of its jurisdiction over the matters on appeal). The June 7, 2012 restitution hearing was cancelled.

On January 14, 2013, the Supreme Court of Guam's mandate was issued, and the Court retained jurisdiction over the matter again. *See San Nicolas*, 2016 Guam 21 ¶ 14 ("Only after the trial court receives this court's mandate, does our jurisdiction over the appeal or its proceedings transfer to the trial court to make the necessary orders to carry out the judgment."). The Court subsequently addressed and denied Defendant's Motion to Reduce Sentence. According to the Court's calendar, a Restitution Hearing was also set for July 31, 2014, but was cancelled because no restitution summary report was filed. No further hearings took place until after the Government filed its Restitution Summary Report in 2017. At the Restitution Hearing, the Government acknowledged that the documents forming the basis for the restitution could have come forward sooner, as they are all dated from the year 2011. Defendant currently remains in custody at the Department of Corrections serving his sentence.

Although a significant amount of time has passed since Defendant was originally sentenced, the Court finds that the delay cannot equate to entirely defeating any claim for restitution. As Guam's restitution statutes do not specifically impose any time limitations on when restitution must be ordered, and the possibility of restitution was contemplated and reserved in the Judgment, the Court finds that it still maintains jurisdiction over this matter to address that sole issue. The Court notes, however, that any award of restitution must be in consideration of Defendant's ability to pay pursuant to 9 G.C.A. § 80.52. Additionally, as the amount set forth in the Restitution Summary Report is greater than $10,000, it requires a finding by the Court that the amount is equal to the loss to the victim.[3] *People v. Mallo*, 2008 Guam 23

---

[2] Defendant was sentenced on November 8, 2011 but the Judgment of Conviction was not filed until January 4, 2012. Prior to this, on November 16, 2011, Defendant filed an Amended Notice of Appeal which was dismissed by the Supreme Court of Guam on December 12, 2011 for lack of jurisdiction. *See* Order, Dec. 12, 2011.

[3] The term "victim," although not specifically defined in Guam's restitution statute, is generally recognized as a party against whom a crime has been committed. *See* 8 G.C.A. § 160.30(d) (defining "victim" as a person against whom a crime has been committed). *See also Mallo*, 2008 Guam 23 ¶ 48, n. 11 (noting that Guam's restitution

¶ 43. Lastly, the Court finds that consideration must be given to the fact that there was delay in the submission of the Restitution Summary Report. Therefore, although the Court finds that it maintains jurisdiction over this matter to address the issue of restitution, it will not order restitution until after a subsequent Restitution Hearing where the Court may receive testimony, documentary evidence, and arguments in consideration of the amount of restitution Defendant is liable to pay.

CONCLUSION

For the foregoing reasons, the Court finds that it retains jurisdiction to address the issue of restitution in this matter. A continued Restitution Hearing is set for ___**MAY 3 1 2018**___ at __*11 am*__.

**IT IS SO ORDERED** this _15th_ day of May, 2018.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_AG_
_Cunliffe_

Date: _5/15/18_ Time: _4:40 p~_

_____
Deputy Clerk, Superior Court of Guam

statute "is ambiguous in that it does not define 'victim.'"). The term "loss" is defined in Guam's restitution statute as "the amount of value separated from the victim." 9 G.C.A. § 80.50(e).

*People v. Song*
Case No. CF0329-11
Decision and Order